918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Felix BAK, Rev., Plaintiff-Appellant,
v.
John SZUMLANSKI, Mary Szumlanski, Edmund Szoka, Cardinal,
Detroit Archdiocese, Phillip Wozniak, Rev., Conventual
Franciscans of St. Bonaventure Province In the U.S.A.,
Michael Foley, Rev., Servants of the Paraclete, Defendants-Appellees.
 No. 90-1214.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Felix Bak appeals the dismissal of his complaint filed under diversity jurisdiction in which he alleged that the two private Michigan defendants defamed him and the defendant church officials conspired to remove him from his position in the church. The district court concluded that Bak failed to allege the requisite amount in controversy for diversity jurisdiction under 28 U.S.C. Sec. 1332(a) and that the claim that church officials conspired to remove him is barred under the first amendment. The district court dismissed plaintiff's state-law claims without prejudice. Upon consideration, we conclude that the dismissal was proper.
 
 
 3
 Plaintiff failed to allege the required amount in controversy, nor does it appear that complete diversity of citizenship exists. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Plaintiff's claim that church officials conspired to remove him is barred under the first amendment. See Natal v. Christian and Missionary Alliance, 878 F.2d 1575, 1576-77 (1st Cir.1989). Moreover, this claim cannot be construed as one brought under 42 U.S.C. Sec. 1985 because plaintiff did not allege the requisite invidious, class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Finally, because Bak did not present a valid federal claim, the court properly dismissed the pendent state-law claims without prejudice. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348-50 (1988).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.